# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

RODERICK T. MONTGOMERY,

        Petitioner,    :    Case No. 3:16-cv-089

- vs -    District Judge Walter Herbert Rice
    Magistrate Judge Michael R. Merz

Warden, Warren Correctional Institution,

                                                        :

        Respondent.

## REPORT AND RECOMMENDATIONS

This is an action pursuant to 28 U.S.C. §2254 for a writ of habeas corpus. The case is ripe for decision on the Petition (ECF No. 1),the State Court Record, and Return of Writ (ECF Nos. 5 & 6). In the Order for Answer the Court set a deadline for Petitioner to file a traverse/reply of twenty-one-days after the Return was filed (ECF No. 2, PageID 15). That time expired August 1, 2016, and Montgomery has filed no reply.

Montgomery pleads the following grounds for relief:

> **Ground One:** Petitioner was denied due process when trial court failed to suppress evidence regarding faulty identification.
>
> **Supporting Facts:** Impermissibly suggestive procedure led to a very high likelihood of misidentification by purported eyewitnesses.
>
> **Ground Two:** Prosecutorial misconduct deprived Petitioner of a fair trial and due process.
>
> **Supporting Facts:** During the second closing argument, the prosecutor told the jury about the content of Johnigan's statement when he was taken into custody by police which improperly boosted Johnigan's credibility, followed by the misconduct in

1

>which the prosecutor acknowledgment (sic) that it could not present the content of Johnigan's statement as evidence.
>
>**Ground Three:** Evidence was insufficient to support conviction in addition to cumulative errors that denied Petitioner a fair trial.
>
>**Supporting Facts:** The government failed to present sufficient evidence that Petitioner was the person who committed the hom (sic) invasion.
>
>**Ground Four:** Ineffective Assistance of Counsel
>
>**Supporting Facts:** Petitioner's trial counsel saw jurors sleeping and failed to bring the matter to the Court's attention, thus denying Petitioner a fair trial.

(Petition, ECF No. 1, PageID 5-9.)

**Procedural History**

Montgomery was indicted by the Montgomery County Grand Jury on counts of aggravated murder, murder, aggravated robbery, kidnapping, felonious assault, and aggravated burglary, all with firearm specifications and arising out of a home invasion seeking drugs and money in Dayton, Ohio, on December 9, 2010. In the course of the home invasion, Patrick Hall was shot and killed. The case was tried to a jury which convicted Montgomery on all counts. After merging counts and specifications under Ohio Revised Code § 2941.25, the trial court sentenced Montgomery to imprisonment for thirty-one years to life.

The Second District Court of Appeals affirmed. *State v. Montgomery*, 2013-Ohio-4509, 2013 Ohio App. LEXIS 4751 (2nd Dist. Oct. 11, 2013)("*Montgomery I*"). Montgomery did not appeal to the Ohio Supreme Court. Montgomery filed a petition for post-conviction relief under

2

Ohio Revised Code § 2953.21 which the trial court denied. The denial was affirmed on appeal. *State v. Montgomery*, 2014-Ohio-4108, 2014 Ohio App. LEXIS 4006 (2nd Dist. Sept. 19, 2014)("*Montgomery II*"), appellate jurisdiction declined, 142 Ohio St. 3d 1411 (2015). Montgomery timely filed his Petition for Writ of Habeas Corpus in this Court on March 12, 2016 (ECF No. 1).

# Analysis

**Ground One: Failure to Suppress Pre-trial Identification**

In his First Ground for Relief, Montgomery asserts he was denied due process of law when trial court failed to suppress faulty pre-trial identifications. Montgomery raised this claim on direct appeal, where he lost, but failed to appeal further to the Ohio Supreme Court.

The Warden asserts Montgomery's First Ground for Relief is barred by his procedural default in failing to appeal to the higher court (Answer, ECF No. 6, PageID 1745, et seq.). The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional

rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review. *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000)(citation omitted); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87. *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia*, 372 U.S. 391 (1963). *Coleman*, 501 U.S. at 724.

"A claim may become procedurally defaulted in two ways." *Lovins v. Parker*, 712 F.3d 283, 295 (6th Cir. 2013), *quoting Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). First, a claim is procedurally defaulted where state-court remedies have been exhausted within the meaning of § 2254, but where the last reasoned state-court judgment declines to reach the merits because of a petitioner's failure to comply with a state procedural rule. *Id*. Second, a claim is procedurally defaulted where the petitioner failed to exhaust state court remedies, and the remedies are no longer available at the time the federal petition is filed because of a state procedural rule. *Id*.

Failure to raise a constitutional issue at all on direct appeal is subject to the cause and prejudice standard of *Wainwright*. *Murray*, 477 U.S. at 485; *Mapes v. Coyle*, 171 F.3d 408, 413 (6th Cir. 1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Leroy v. Marshall*, 757 F.2d 94, 97 (6th Cir.), *cert denied,* 474 U.S. 831 (1985). Failure to present an issue to the state supreme court on discretionary review constitutes procedural default. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)(citations omitted).

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Guilmette v. Howes*, 624 F.3d 286, 290 (6th Cir.

4

2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
> . . . .
>
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin*, 785 F.2d at 138; accord, *Hartman v. Bagley*, 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002).

From the record it is clear that Montgomery did not appeal to the Ohio Supreme Court from denial of his identification claim. The Ohio Supreme Court has a 45-day time limit on appeal, so Montgomery has lost the chance to take that appeal, Montgomery has offered no facts to excuse his default. Therefore the First Ground for Relief should be dismissed on that basis.

5

**Ground Two:  Prosecutorial Misconduct**

In his Second Ground for Relief, Montgomery claims he was deprived of a fair trial by the prosecutor's comments in his final argument.  As the Warden points out, this claim was raised on direct appeal to the Second District, but Montgomery took no further appeal to the Ohio Supreme Court.  Ground Two is therefore procedurally defaulted and should be dismissed on the same basis as Ground One.

**Ground Three:  Insufficient Evidence**

In his Third Ground for Relief, Montgomery asserts his conviction is supported by constitutionally insufficient evidence.  This Ground for Relief is procedurally defaulted on the same basis as Grounds One and Two and should therefore be dismissed.

**Ground Four:  Ineffective Assistance of Trial Counsel**

In his Fourth Ground for Relief, Montgomery asserts he received ineffective assistance of trial counsel when his trial attorney saw jurors sleeping during the trial and failed to bring that to the trial judge's attention.

Montgomery raised this claim in his petition for post-conviction relief under Ohio Revised Code § 2953.21.  The trial court conducted an evidentiary hearing on the question and then denied relief.  The Second District affirmed in *Montgomery II, supra*.

The Second District's decision indicates that nine witnesses, including the judge who

presided at trial, were called to testify in the post-conviction hearing. Having heard their testimony, the judge presiding at the post-conviction hearing found the State's witnesses more credible than the defense witnesses. When a finding of fact depends on which oral testimony from live witnesses is credible, a finding of a trial judge who heard the testimony is almost always conclusive. *Christopher v. United States*, ___ F.3d ___, 2016 U.S. App. LEXIS 13873 (6th Cir. Aug. 1, 2016). While appellate judges review transcripts for a living, trial judges assess live witnesses for a living and this "ring-side perspective" must be accounted for on appeal. *Id., quoting United States v. Poynter*, 495 F.3d 349, 351-52 (6th Cir. 2007). The Second District accepted the trial judge's finding on appeal and this habeas corpus court is even further removed from actual ability to assess credibility.

Because Montgomery failed to prove there were any sleeping jurors, his claim of ineffective assistance of trial counsel because his attorney did not raise the issue is without merit and should be dismissed.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition here be DISMISSED WITH PREJUDICE. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

August 15, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).