# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

RODERICK T. MONTGOMERY,

                Petitioner,           :     Case No. 3:16-cv-089

    - vs -                         District Judge Walter Herbert Rice
                                     Magistrate Judge Michael R. Merz

Warden, Warren Correctional Institution,
                                   :

                Respondent.

# SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus action under 28 U.S.C. § 2254 is before the Court on Petitioner's Objections (ECF No. 8) to the Magistrate Judge's recommendation that the Petition be dismissed with prejudice (Report and Recommendations, ECF No. 7, the "Report"). Judge Rice has recommitted the case for reconsideration in light of the Objections (ECF No. 9).

The Report recommended Montgomery's first three grounds for relief be dismissed as procedurally barred because he failed to appeal to the Ohio Supreme Court after his conviction was affirmed on direct appeal.

Montgomery responds that he attempted to appeal by "draft[ing] his timely notice of appeal and hand plac[ing] it into the institution inmate post box labeled 'legal mail . . ." (Objections, ECF No. 8, PageID 1779). He claims that after that the appeal was out of his hands and the Report was the "first he has ever heard that there was no cause of action pending in the Ohio Supreme Court." *Id.* Because he never received "notice of filing or docketing statement . . . the original notice of appeal must have gotten lost within the mailing process." *Id.*

1

The Second District Court of Appeals decided his direct appeal October 11, 2013.  *State v. Montgomery*, 2013-Ohio-4509, 2013 Ohio App. LEXIS 4751  (2nd Dist. Oct. 11, 2013)("*Montgomery I*").   Montgomery acknowledges that date in his Petition (ECF No. 1, PageID 2, ¶ 9(d).  His appeal to the Ohio Supreme Court would have been due forty-five days later on November 25, 2013.  Montgomery says nothing about when he mailed the notice of appeal.  When asked at question 9(g) if he sought further review in a higher state court, he answers "yes," but only lists the denial of review on the post-conviction petition.  Montgomery gives no indication of any follow up to find out what was happening on his direct appeal, even after he received a denial of review on the second appeal.

As a remedy, Montgomery asks that his petition be dismissed voluntarily so that he can now file a motion for delayed appeal in the Ohio Supreme Court (Objections, ECF No. 8, PageID 1780).  If the Court did that, Montgomery would likely face a statute of limitations bar when he tried to return to federal court.  While his original Petition was filed less than two weeks short of one year after his conviction became final, the statute is not tolled while a habeas petition is pending, and so has already expired.

To deal with this problem of unexhausted state remedies and the federal statute of limitations, the Supreme Court decided *Rhines v. Weber*, 544 U.S. 269 (2005), holding

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"). . . .

2

> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

*Id.* at 277-278.

Montgomery has not shown good cause for his delay in seeking Ohio Supreme Court review. He offers no corroboration of his claim that he mailed a timely notice of appeal, but even assuming the truth of that claim, he has offered no explanation at all of his failure to follow up for almost three years. Even now he has known since the State Court Record was filed on July 8, 2016, that there is no evidence of a direct appeal to the Ohio Supreme Court in the record. Not only did he not filed for a delayed appeal in the interim, he never filed a reply to the Return of Writ to make his claim of a lost-in-the-mail notice of appeal.

Montgomery's Objection to the procedural default recommendation is not persuasive.

Montgomery makes no response at all to the recommended dismissal of Ground Four on the merits.

**Conclusion**

Having reconsidered the case in light of the Objections, the Magistrate Judge again respectfully recommends the Petition be DISMISSED WITH PREJUDICE. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be

objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.


August 31, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS


Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).