IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RODERICK T. MONTGOMERY,

    Petitioner,

    v.

WARDEN, Warren Correctional
Institution,

    Respondent.

:
:
:
:
:

Case No. 3:16-cv-89

JUDGE WALTER H. RICE

MAGISTRATE JUDGE MICHAEL R. MERZ

---

DECISION AND ENTRY OVERRULING PETITIONER RODERICK T. MONTGOMERY'S OBJECTIONS (DOC. #8, 11) TO THE REPORT AND RECOMMENDATIONS (DOC. #7) AND SUPPLEMENTAL REPORT AND RECOMMENDATIONS (DOC. #10) OF MAGISTRATE JUDGE MICHAEL R. MERZ; ADOPTING SAID REPORTS AND RECOMMENDATIONS OF THE MAGISTRATE JUDGE IN FULL; DISMISSING WITH PREJUDICE MONTGOMERY'S PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF *HABEAS CORPUS* BY A PERSON IN STATE CUSTODY (DOC. #1); MONTGOMERY IS DENIED A CERTIFICATE OF APPEALABILITY; ANY APPEAL WOULD BE OBJECTIVELY FRIVOLOUS AND SHOULD NOT BE PERMITTED TO PROCEED *IN FORMA PAUPERIS*; JUDGMENT SHALL ENTER IN FAVOR OF RESPONDENT WARDEN, WARREN CORRECTIONAL INSTITUTION AND AGAINST MONTGOMERY; TERMINATION ENTRY

---

Petitioner Roderick T. Montgomery ("Montgomery") has filed a Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* by a Person in State Custody ("Petition"), Doc. #1, against Respondent Warden, Warren Correctional Institution ("The Warden"). Montgomery alleged four grounds for relief: (1) denial of due process resulting from the trial court's failure to suppress evidence; (2) denial of due process resulting from prosecutorial misconduct; (3) insufficient evidence to support conviction; and (4)

ineffective assistance of trial counsel. *Id.*, PAGEID #5-11. Pending before the Court, pursuant to Rule 72(b), are: (1) the Petition, *id.*; (2) Magistrate Judge Michael R. Merz's Initial Report and Recommendations, Doc. #7; (3) Montgomery's Objections to the Initial Report and Recommendations ("Initial Objections"), Doc. #8; (4) the Magistrate Judge's Supplemental Report and Recommendations, Doc. #10; and (5) Montgomery's Objections to the Supplemental Report and Recommendations ("Supplemental Objections"). Doc. #11.

Based upon the reasoning and citations set forth in the Reports and Recommendations, as well as upon a thorough *de novo* review of the file, the parties' memoranda and the applicable law, this Court ADOPTS IN FULL the Initial and Supplemental Reports and Recommendations of the Magistrate Judge, OVERRULES Montgomery's Objections thereto and DISMISSES WITH PREJUDICE Montgomery's Petition.

## I. PROCEDURAL HISTORY AND REPORTS AND RECOMMENDATIONS

Montgomery was tried in the Montgomery County, Ohio, Court of Common Pleas for aggravated murder and other, related crimes "arising out of a home invasion seeking drugs and money in Dayton, Ohio, on December 9, 2010." Doc. #7, PAGEID #1771. "The case was tried to a jury[,] which convicted Montgomery on all counts[,] . . . [and] the trial court sentenced Montgomery to imprisonment for thirty-one years to life." *Id.* Montgomery claims that during the trial, he informed his attorney that there were jurors falling asleep during the proceedings, but his attorney failed to inform the trial judge of that fact. *Id.*, PAGEID #1775. Montgomery's conviction was affirmed by the Second

District Court of Appeals, and there is no record of Montgomery appealing his conviction to the Supreme Court of Ohio. *Id.*, PAGEID #1771 (citing *State v. Montgomery*, 2d Dist. Montgomery No. 25277, 2013-Ohio-4509 (Oct. 11, 2013) ("*Montgomery I*")). Montgomery filed a *pro se* petition for post-conviction relief, arguing that he received ineffective assistance of trial counsel. The trial court denied Montgomery's petition, and the Second District affirmed the denial. *State v. Montgomery*, 2d Dist. Montgomery No. 26014, 2014-Ohio-4108 (Sept. 19, 2014) ("*Montgomery II*"). Montgomery appealed *Montgomery II* to the Supreme Court of Ohio, which declined jurisdiction on March 25, 2015. *State v. Montgomery,* 142 Ohio St. 3d 1411, 2015-Ohio-1099, 27 N.E.2d 540 (TABLE). Montgomery timely filed the present Petition on March 12, 2016. Doc. #1.

On August 15, 2016, Magistrate Judge Michael R. Merz issued his Initial Report and Recommendations, concluding that Montgomery's First, Second and Third Grounds for Relief, which were the subject of his post-conviction appeal in *Montgomery I*, were procedurally defaulted due to his failure to appeal his conviction to the Supreme Court of Ohio. Doc. #7, PAGEID #1772-75 (citing *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Lovins v. Parker*, 712 F.3d 283, 295 (6th Cir. 2013)). As to Montgomery's Fourth Ground for Relief, ineffective assistance of trial counsel, the Magistrate Judge noted that the judge in *Montgomery II* held a post-conviction hearing in which nine witnesses testified. *Id.*, PAGEID #1775-76. The hearing judge "found the State's witnesses more credible than the defense witnesses," and concluded that "Montgomery failed to prove there were any sleeping jurors." *Id.*, PAGEID #1776. The Magistrate Judge concluded that, because "a finding of a trial judge" regarding credibility of witnesses "is almost always conclusive," *id.* (citing *Christopher v. United*

*States*, 831 F.3d 737, 739 (6th Cir. 2016)), and the Second District had affirmed the hearing judge's denial of post-conviction relief, Montgomery's "claim of ineffective assistance of trial counsel because his attorney did not raise the [sleeping juror] issue is without merit and should be dismissed." *Id*. Accordingly, the Magistrate Judge recommended that: (1) the Petition be dismissed with prejudice; (2) Montgomery be denied a certificate of appealability; and (3) this Court certify to the United States Court of Appeals for the "Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed in forma pauperis." *Id*.

On August 29, 2016, Montgomery filed the Initial Objections as to his First, Second and Third Grounds for Relief only, Doc. #8; the matter was subsequently recommitted to the Magistrate Judge to consider Montgomery's Initial Objections. Doc. #9. On August 31, 2016, the Magistrate Judge issued the Supplemental Report and Recommendations, leaving his recommendations from the Initial Report and Recommendations unchanged. Doc. #10, PAGEID #1784-85. On September 19, 2016, Montgomery filed the Supplemental Objections. Doc. #11. The Warden filed a response to the Supplemental Objections, but made no objections himself. Doc. #12.

II. ANALYSIS

A. First, Second and Third Grounds for Relief

In the Initial Report and Recommendations, the Magistrate Judge noted that "[f]ailure to present an issue to the state supreme court on discretionary review constitutes procedural default," Doc. #7, PAGEID #1773 (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 848, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999)), and "[a]bsent [good] cause and prejudice, a federal *habeas* petitioner who fails to comply with a State's rules of

4

procedure waives his right to federal *habeas corpus* review." *Id.* (citing *Wainwright*, 433 U.S. 72 at 87 (1977); *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000)).  Also, the Magistrate Judge noted that Montgomery had failed to file an appeal to the Supreme Court of Ohio after the Second District Court of Appeals affirmed his conviction in *Montgomery I*, and had not set forth facts that would constitute good cause for failing to file.  *Id.*, PAGEID #1774-75; *see also* Ohio S. Ct. Prac. R. 7.01(A)(1)(a)(i) ("[t]o perfect a jurisdictional appeal from a court of appeals to the Supreme Court . . . , the appellant shall file a notice of appeal in the Supreme Court within forty-five days from the entry of the judgment being appealed.").  In light of the facts in the record and governing caselaw, the Magistrate Judge, without opining on the merits, concluded that Montgomery's First, Second and Third Grounds for Relief were barred (procedurally defaulted) due to failure to exhaust his state court remedies, and recommended that they be dismissed with prejudice.  *Id.*

In his Initial Objections, Montgomery claims that he timely placed his notice of appeal to the Supreme Court of Ohio "into the institutional inmate post [office] box labeled legal mail," which, pursuant to Ohio Department of Rehabilitation and Corrections policy, "must go out of the institution the very next business day."  Doc. #8, PAGEID #1779 (quotation marks omitted).  Montgomery asserts that his "first timely notice of appeal <u>must</u> have gotten lost in the mail system after he placed the legal mail into the institution mail box[,] which would . . . be no fault of his own."  *Id.*, PAGEID #1780 (emphasis in original).  He requests that the Court dismiss the present Petition without prejudice so that he may file an appeal with the Supreme Court of Ohio.  *Id.*

5

In the Supplemental Report and Recommendations, the Magistrate Judge recommended rejecting Montgomery's request on two grounds.  <u>First</u>, because the statute of limitations for *habeas corpus* relief has not been tolled during the pendency of the present Petition, any petition that Montgomery might file after the exhaustion of his state court remedies would be barred by the applicable statute of limitations.  Doc. #10, PAGEID #1783; *see also* 28 U.S.C. § 2244(d) (setting forth one-year statute of limitations for *habeas corpus* petitions).  <u>Second</u>, tolling that statute of limitations is "only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court[,] . . . [and] his unexhausted claims are [not] plainly meritless."  *Rhines v. Weber*, 544 U.S. 269, 277, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005) (citing 28 U.S.C. § 2254(b)(2)).  The Magistrate Judge noted that Montgomery offered:  (1) no corroboration for his statement that he placed appeal to the Supreme Court of Ohio in the legal mail post office box in a timely manner; (2) no excuse for not checking to make sure that his appeal had been filed; and (3) no evidence of having <u>ever</u> filed an appeal, even after the state court record—which showed that his purported appeal was never docketed—was filed in this Court on July 8, 2016.  Doc. #10, PAGEID #1784.  In light of the above, the Magistrate Judge concluded that Montgomery's Objections as to his First, Second and Third Grounds for Relief were meritless, as he "has not shown good cause for his delay in seeking Ohio Supreme Court review."  *Id*.

In his Supplemental Objections, Montgomery claims that, as a *pro se* litigant, he "does not understand [the] Clerk of Courts['] issuing processes," and, having assumed that the Supreme Court was backlogged, was waiting for a briefing schedule to issue.

Doc. #11, PAGEID #1788. Montgomery's argument is unavailing. As The Warden points out, Montgomery's *pro se* status and lack of familiarity with Court procedure are "insufficient to establish cause to excuse his procedural default." Doc. #12, PAGEID #1791-92 (citing *Bonilla v. Hurley*, 370 F.3d 494 (6th Cir. 2004)). Moreover, Montgomery offers no other statement, much less any evidence, to address the deficiencies in his Initial Objections, as discussed in the Supplemental Report and Recommendations. Doc. #10, PAGEID #1764. In sum, Montgomery did not show that an objective, external factor "prevented [his] compliance with a state procedural rule," *Bonilla*, 370 F.3d at 498 (internal quotation marks and citation omitted), and thus, he has failed to establish good cause for his failure to appeal. Accordingly, his First, Second and Third Grounds for Relief are procedurally defaulted, and are barred from *habeas corpus* review irrespective of the merits of those grounds. See *id*. at 497 (citation omitted) ("the failure to establish cause eliminates the need to consider prejudice."). Montgomery's Petition is dismissed with prejudice as to those Grounds.

### B. Fourth Ground for Relief

In the Supplemental Report and Recommendations, the Magistrate Judge noted that, as discussed above, "Montgomery makes no response at all to the recommended dismissal of Ground Four on the merits." Doc. #10, PAGEID #1784. In his Supplemental Objections, Montgomery makes the conclusory assertion that he is objecting "to the full report and the recommendation[s] made by the Magistrate [Judge] on all claims." Doc. #11, PAGEID #1787. However, he makes no mention in either the Initial or Supplemental Objections as to the alleged ineffective assistance of counsel,

much less how the Magistrate Judge may have erred in concluding that his Fourth Ground for Relief is meritless.

Under the Federal Magistrates Act of 1968, 28 U.S.C. § 631 *et seq.*, this Court's review is limited to findings in Reports and Recommendations for which "timely objections are filed." *Guethlein v. Potter*, No. 1:09-cv-451-HJW, 2011 WL 672046, at * 8 (S.D. Ohio Feb. 17, 2011) (Weber, J.). "Generally, the failure to file specific objections to a magistrate's report constitutes a waiver of those objections." *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). Montgomery had two opportunities to object to the Magistrate Judge's conclusion that there was no merit to his claim of ineffective assistance of counsel; his failure to do so means that he has waived any objection to the recommendation of dismissal. Accordingly, the Court adopts the Magistrate Judge's well-reasoned recommendation regarding the Fourth Ground for Relief, and dismisses that ground with prejudice.

### III.  CONCLUSION

For the foregoing reasons, the Court ADOPTS IN FULL the Initial and Supplemental Reports and Recommendations of Magistrate Judge Michael R. Merz, Doc. #7, 10, and OVERRULES Montgomery's Initial and Supplemental Objections thereto. Doc. #8, 11. Montgomery's Petition, Doc. #1, is DISMISSED WITH PREJUDICE. Judgment shall enter in favor of The Warden and against Montgomery. As no reasonable jurist would find that Montgomery "has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), he should be denied a certificate of appealability. This Court shall certify to the United States Court of Appeals

for the Sixth Circuit that any appeal would be objectively frivolous and, therefore, Montgomery should not be permitted to proceed *in forma pauperis*.

The captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: December 29, 2016

_____
WALTER H. RICE
UNITED STATES DISTRICT JUDGE